UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                             Honorable Sean F. Cox

James Lee Crews (D-2),            Criminal Case No. 08-20482

    Defendant.
_____/

## MEMORANDUM OPINION

      Defendant James Lee Crews ("Crews") was charged with two counts in the four-count indictment in this case: 1) possession with intent to deliver five grams or more of cocaine base in violation of 21 U.S.C. § 841 (Count III); and 2) conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (Count IV). After Crews pled guilty to Count III, the parties sought an evidentiary hearing so that, for purposes of sentencing, the Court could determine whether the substance at issue in Count III was crack cocaine. The Court conducted the requested evidentiary hearing on September 4, 2009. As set forth below, having considered the evidence presented at the hearing, the Court concludes that the Government has established, by a preponderance of the evidence, that the controlled substance that Crews possessed with intent to deliver, was CRACK COCAINE.

BACKGROUND

      Crews was charged with two counts in the four-count indictment in this case. Count III of the Indictment alleges that, on or about January 8, 2007, Crews possessed with intent to

deliver five grams or more of cocaine base in violation of 21 U.S.C. § 841.  Count IV alleges that, on that same date, Crews conspired with others to possess with intent to distribute five grams or more of cocaine base.

On January 30, 2009, Crews pled guilty to Count III, pursuant to a Rule 11 Plea Agreement with the Government.  At the plea hearing, Crews admitted that he possessed with intent to deliver 43-45.3 grams of "cocaine base," without specifically identifying the form of the cocaine base.  (1/40/09 Tr. at 14).  Sentencing, with respect to Count III, was originally scheduled to take place on May 29, 2009.

On February 4, 2009, Crews signed a written statement titled "Defendant's Version of Offense" that was provided to the Probation Department.  In that statement, Crews stated that he unconditionally accepted personal responsibility for his "commission of Count Three of the Indictment – my possession with the intent to distribute more than five grams of cocaine base (crack) on January 8, 2007."  The statement that Crews signed indicates that it was drafted by Defense Counsel.

A Presentence Investigation Report ("PIR") was prepared by the Probation Department on April 28, 2009.  Paragraphs 10, 11, and 12 of the PIR state that the cocaine base Crews possessed was in the form of "crack cocaine."

Crews did not file any objections to the PIR, but on April 24, 2009 filed a Sentencing Memorandum.  That Memorandum noted that "[a]t his presentence interview conducted at the Sanilac County Jail on February 4, 2009, [Crews] submitted his brief written version of the offense to Joan M. Pigott, Senior U.S. Probation Officer," which included that Crews possessed "with intent to distribute more than five grams of cocaine base (crack) on January 8, 2007."

(Docket Entry No. 32 at 2).

On or about April 28, 2009, Counsel for the Government advised Defense Counsel of the opinion in *United States v. Higgins*, 557 F.3d 381 (6th Cir. 2009) and asked Defense Counsel to stipulate to amend all pleadings to include that the cocaine base was in the form of crack cocaine. (*See* Ex. B to Docket Entry No. 41). Defense Counsel declined to stipulate and on May 6, 2009, filed objections to the PIR in an amended sentencing memorandum (Docket Entry No. 34) wherein he claimed that the sentencing guideline for power cocaine rather than cocaine base should apply. On May 8, 2009, Crews filed a Motion for Downward Guideline Sentence Departure, wherein he asserted that his guideline range should be determined as if he were involved with powder cocaine. (Docket Entry No. 35).

On May 26, 2009, the Government filed a motion seeking to withdraw from the Rule 11 Plea Agreement. (Docket Entry No. 36). The Government asserted that Crews violated the terms of the plea agreement by objecting to the agreed upon guideline range.

This Court was scheduled to sentence Crews, with respect to Count III, on May 29, 2009. Given the recent events and the filing of the motion to withdraw from the Rule 11 Plea Agreement, however, the Court held a status conference with the parties on May 29, 2009 to discuss these issues. Immediately after the status conference, the Court went on the record and granted the parties' joint Motion to Withdraw from the Rule 11 Plea Agreement. The Court also granted Defendant's Motion to Adjourn Sentencing as to Count III.

In an Order dated June 1, 2009, the Court directed the parties to brief several issues that had been discussed at the May 29, 2009 status conference. Crews filed his brief in response to the Court's order on June 24, 2009. The Government filed its brief on June 26, 2009.

In the Government's brief, it asserted that it is not required to amend the indictment under *Higgins* because *Higgins* only applies to enhanced penalties under § 841 and the Government is not seeking enhanced penalties under § 841 in this case. The Government further asserted that it was entitled to an evidentiary hearing to establish, for purposes of sentencing, that the substance at issue was crack cocaine.

After reviewing the Government's brief, Counsel for Crews advised the Court that Crews agreed that the Court should hold an evidentiary hearing to determine if the substance at issue is crack cocaine. (*See* Ex. A to this Opinion).

The Court held another status conference with the parties on August 7, 2009. At that conference, Counsel for Crews took the position that Crews believed that he had possessed "cocaine base," not "crack cocaine." Counsel for Crews requested that his client be permitted to take a polygraph examination for purposes of establishing that he believed he possessed cocaine base, not crack cocaine. The Government agreed that Crews should be permitted to take the requested polygraph examination and arranged for the examination to be conducted on September 1, 2009.

On September 1, 2009, however, Crews did not take the polygraph examination that his counsel had requested. Rather, on September 1, 2009, Crews signed an Affidavit that states:

> I was asked to take a polygraph test on weather [sic] or not I had in my possession crack cocaine on Jan 8th 2007. Based on the Higgins case an issue came up involving the phrase cocaine base my lawyer was under the impression that I possessed cocaine base. I plead guilty to cocaine base because it was what my indictment read If the indictment had charged me with crack cocaine I would have pled guilty to that charge as well. I never knew there was a difference but to my knowledge and understanding, I possessed crack. Samuel Upchurch gave me the ("work") crack and told me to hold it and pretend it was mine. He told me that he would give me a "few dollars" off the $1600 that he expected to make for doing

him the favor of holding the 45 grams of crack.

(Crews Affidavit).

Counsel for Crews submitted the Affidavit to the Court the day prior to the scheduled sentencing date of September 4, 2009. Upon reviewing the Affidavit from Crews, this Court believed that Crews no longer contested that the substance at issue with respect to Count III was crack cocaine.

When the Court met with Counsel prior to the September 4, 2009 sentencing that had been scheduled, however, Counsel for Crews asserted that despite the Affidavit from Crews, the Government was still required to prove that the substance at issue was crack. Accordingly, the Court held the requested evidentiary hearing on September 4, 2009.[1]

## ANALYSIS

"At sentencing, whether a particular substance is crack or another form of cocaine is a question of fact to be determined by the district court." *United States v. Jones*, 159 F.3d 969, 981-82 (6th Cir. 1998). "For sentencing purposes, the Government is required to prove *by a preponderance of the evidence* the type of controlled substances related to an offense." *Id*. (emphasis added).

The Court held the requested evidentiary hearing on September 4, 2009. The sole issue before this Court is whether the Government proved, by a preponderance of the evidence, that the

---

[1] On September 4, 2009, after the evidentiary hearing had concluded, Crews pled guilty to Count IV of the indictment, conspiracy to possess with intent to distribute five grams or more of cocaine base on January 7, 2007. During that plea, Crews stated on the record that the substance he possessed was "crack cocaine" and that there was "no doubt in his mind" that the substance was crack cocaine. (9/4/09 Tr. at 44-45).

controlled substance related to Count III was crack cocaine.

At the evidentiary hearing, the Government presented four exhibits: Exhibit No. 1: the Laboratory Report relating to the substance seized from Crews; Exhibit No. 2: the actual controlled substance at issue; Exhibit No. 3: Crews's Affidavit dated September 1, 2009; and Exhibit No. 4: Crews's February 4, 2009 Statement to Probation. In addition, the Court heard testimony from one witness, Special Agent Mark Kloostra.

After consideration of the testimony and exhibits presented by the parties, weighing the evidence and assessing the credibility of the witnesses, this Court finds that the Government has shown by a preponderance of the evidence that the substance possessed by Crews was crack cocaine.

The Laboratory Report submitted as Exhibit 1 states that the "white material" analyzed "showed the presence of cocaine base, a controlled substance as listed in Schedule 2." (Govt.'s Ex. 1). Although the Laboratory Report does not describe the appearance of the substance beyond stating that it is "white material," the actual substance seized from Crews was admitted at the hearing and thus this Court was able to visually observe the substance during the evidentiary hearing. *See United States v. Reed*, 1998 WL 773998 at *5 (6th Cir. 1998). Exhibit No. 2 is the actual controlled substance seized from Crews. The Court notes that the substance is white in color. The substance is hard, lumpy and rock-like. Based on this Court's visual observation of the substance, and this Court's own previous participation in numerous trials involving crack cocaine, the substance seized from Crews appears to be crack cocaine.

As its Exhibit 4, the Government submitted Crew's "Version of the Offense" given to the probation department on February 4, 2009. In that written and signed statement, Crews stated

that he unconditionally accepted personal responsibility for his "possession with the intent to distribute more than give grams of cocaine based (crack) on January 8, 2007." Although his counsel drafted the statement, Crews signed this statement describing the controlled substance he possessed as "crack."

In addition, Crews's September 1, 2009 Affidavit, submitted as the Government's Exhibit 3, states:

> I was asked to take a polygraph test on weather [sic] or not I had in my possession crack cocaine on Jan 8th 2007. Based on the Higgins case an issue came up involving the phrase cocaine base my lawyer was under the impression that I possessed cocaine base. I plead guilty to cocaine base because it was what my indictment read *If the indictment had charged me with crack cocaine I would have pled guilty to that charge as well*. I never knew there was a difference but *to my knowledge and understanding, I possessed crack*. Samuel Upchurch gave me the ("work") *crack* and told me to hold it and pretend it was mine. He told me that he would give me a "few dollars" off the $1600 that he expected to make for doing him the favor of holding *the 45 grams of crack*.

(Crews Affidavit) (emphasis added). Thus, Crews himself believes that the substance he possessed was crack cocaine.

Crews also presented his September 1, 2009 Affidavit as an exhibit, Defense Exhibit F. No other exhibits offered by Crews were admitted as exhibits.

Crews called Mark Kloostra, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms, as a witness at the hearing and the Government cross-examined him. Agent Kloostra testified that he has approximately 19 years of experience in narcotics investigations. He has been involved in numerous cases involving crack cocaine and has observed crack cocaine on hundreds of occasions. (9/4/09 Tr. at 24). He personally observed the substance that was seized from Crews on January 8, 2007, the day that Crews was arrested. In addition, during his

testimony on September 4, 2009, Agent Kloostra was asked to visually observe the Government's Exhibit 2, the actual controlled substance at issue. (9/4/09 Tr. at 23 & 24). Agent Kloostra testified that, based upon his knowledge, training and experience, he is of the opinion that the substance seized from Crews is crack cocaine. *See United States v. Nailor*, 1999 WL 357763 (6th Cir. 1999). This Court found Agent Kloostra to be a credible witness and fully credits his testimony.[2]

## CONCLUSION

Accordingly, having considered the testimony and exhibits presented by the parties at the September 4, 2009 evidentiary hearing, this Court finds that the Government has shown by a preponderance of the evidence that the substance possessed by Crews was crack cocaine.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 22, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

---

[2] The Court notes that during the hearing, Defense Counsel asked Agent Kloostra whether he agreed with the following definition of crack: "crack is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rock-like form." (9/4/09 Tr. at 22). To the extent that Defense Counsel was attempting to argue that the Government has not met its burden because it did not present evidence that the substance at issue contained sodium bicarbonate, the Court rejects that position. That argument has been repeatedly rejected because "the presence of sodium bicarbonate is not a necessary prerequisite to a district court's factual determination that cocaine base is crack." *Jones, supra*, at 983; *see also United States v. Monroe*, 90 Fed.Appx. 460, 464-65 (6th Cir. 2004).